IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
GALVESTON DIVISION

| | |
|---|---|
| **CHRIS HILL,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**THE CITY OF ANGLETON,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 3:23-CV-282**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Chris Hill, ("Hill" or "Plaintiff"), by and through his attorney of record, hereby complains of The City of Angleton ("City" or "Defendant"), and for causes of action would show as follows:

## 1.    INTRODUCTION

1.1.  Plaintiff complains that he was retaliated against because he opposed racial discrimination, in violation of Title VII of the Civil Rights Act of 1964.

1.2.  This action seeks lost wages and benefits, compensatory and punitive damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

## 2.    PARTIES

2.1.  Plaintiff is an individual who resided in Brazoria County, Texas at the time the cause of action asserted herein accrued and who currently resides in Bexar County, Texas.

2.2.  The City of Angleton, Texas (the "City") is a "City Charter-City Manager" municipality located in Brazoria County. It may be served with process through the City Secretary, Michelle Perez, 121 S. Velasco Street, Angleton, TX 77515, the City Manager, Chris

Whittaker, 121 S. Velasco Street, Angleton, TX 77515, and the Mayor, John Wright, 121 S. Velasco Street, Angleton, TX 77515.

## 3. JURISDICTION

3.1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas--Galveston Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. PROCEDURAL REQUISITES

4.1. Plaintiff has satisfied all procedural requisites to the filing of this suit.

## 5. FACTS

5.1. Hill served as the Finance Director for the City of Angleton from January, 2021, to April 1, 2022, when he was abruptly fired for raising concerns about discrimination against African-American employees of the City.

5.2. In February 2022, the City of Angleton's Human Resources Manager, Colleen Martin ("Martin"), sent Hill a list of police officers who were going to receive pay raises under the City's new Compensation Plan (the "Comp Plan").

5.3. On March 10, 2022, Martin was reviewing the proposed raises with Hill and the Assistant Finance Director, Tenecha Williams ("Williams"). Williams and Hill noticed that Martin was attempting to add employees who did not qualify to the list of officers who would get a raise under the Comp Plan. Hill asked Martin to document the criteria for the raises that had been approved by City Council. Martin said she did not know what was approved by City Council. They all agreed that Williams would pull the minutes for the Comp Plan

Study. Martin, Hill, and Williams discussed and agreed that the raises should be paid based on what City Council approved.

5.4. Later in the day on March 10, 2022, Williams shared the City Council minutes with Martin. In response, Martin said she was going to ignore those minutes and the City Council's decisions.

5.5. Martin emailed Hill and told Hill that raises would be given under new criteria. Those new criteria were not consistent with the Comp Plan. Hill emailed the City Manager, Chris Whittaker ("Whittaker"), and told Whittaker that he disagreed with Martin's plan.

5.6. Later on March 10, 2022, Martin emailed Hill and Williams and gave them a new list of police officers that would be getting raises. This new list eliminated the raise for Officer Katrice Jammer, the only African American woman officer who was supposed to get a raise under the Comp Plan. Jammer had been hired below the minimum pay for her position according to the Comp Plan.

5.7. Williams emailed Hill and Whittaker, reiterated the decisions that had been made by City Council as documented by the minutes, and pointed out that there had not been any consistency with the comp and class phases or raises given by Martin.

5.8. On March 23, 2022, Williams emailed Martin and copied Hill and Whittaker, stating that Martin's changes would result in an overpayment of approximately $52,000 beyond what City Council had approved.

5.9. On March 25, 2022, Williams emailed Martin regarding additional inconsistencies with the raises, noting that 12 employees were added to the Comp Raises that did not qualify since they did not have enough "time in position." Some had just be promoted and received a

promotion raise less than 3 months prior. Williams pointed out that, if there are new criteria, then Officer Jammer was improperly left out.

5.10. On March 29, 2022, Hill met with Whittaker and Martin to discuss Martin's changes.

5.11. In the meeting on March 29, 2022, Martin and Whittaker ignored the concerns raised by Hill and Williams.

5.12. On March 31, 2022, Whittaker emailed Hill after hours to instruct Hill to execute Martin's changes to the Comp Plan. Hill believed these actions were discriminatory against African American employees of the City of Angleton. Hill believed that Martin was misappropriating City funds contrary to City Council's decisions and that she was doing so in a discriminatory manner, all with Whittaker's approval.

5.13. On April 1, 2022 around 2PM, Hill called Police Chief Lupe Valdez to file a complaint with Angleton PD against Martin, reporting racial discrimination and misappropriation of funds.

5.14. The same day around 2:15PM, Hill met with Police Chief Lupe Valdez to discuss his complaint. Hill provided his written complaint to Valdez and informed Valdez during the conversation of his good faith belief that the City was engaging in racial discrimination with respect to pay.

5.15. On April 1, 2022 at 3:40PM, Hill reported the racial discrimination regarding pay and misappropriation of funds to Whittaker.

5.16. Hill explained in detail in his written grievance which he provided to the Police Chief and to Whittaker:

> *"...there was a very significant discrimination against a protected class [of] black females noted in review on March 25, 2022. For example, our only black female Police Officer Jammer was part of the Comp. raises as presented by Colleen Martin earlier this year then later removed sometime prior to March 10, 2022 as noted by Finance Review dated March 25, 2022. Further, the only black female on the management team, the Assistant Finance Director Tenecha Williams was put in a*

*lower class than the other Assistant Directors. This was brought to my attention on March 23, 2022 email from Colleen Martin."*

5.17. Sometime after 2:15PM when Valdez met with Hill, but before Hill's termination the same day, Valdez spoke with Whittaker and informed Whittaker of Hill's complaints to him.

5.18. On April 1, 2022, Hill left work at 4:30PM. However, at 5:00PM, Whittaker called Hill and told Hill to return. Hill came back to work at 5:15 pm. When Hill arrived, Whittaker called Hill into his office and fired Hill.

5.19. Whittaker had no legitimate, nondiscriminatory reason to terminate Hill. Whittaker's asserted reasons, that Hill had left early and filed a complaint, are bogus and an attempt to cover up the real reason for the termination: retaliation.

5.20. Hill's termination was the direct result of his having voiced a complaint of race discrimination.

## 6. CLAIM OF RETALIATION UNDER TITLE VII

Hill engaged in "protected activity", by making a formal complaint and report of race discrimination within the City of Angleton. The decision-maker, Whittaker, was aware of such complaint. Whittaker and the City of Angleton made its decision to terminate and did terminate Hill based on his complaint and report of race discrimination. Such action constitutes retaliation under Title VII. The termination of Hill caused him significant damages, including his loss of back pay, front pay, mental anguish and attorneys fees.

## 7. ATTORNEYS FEES

Hill seeks his reasonable and necessary attorneys fees as a "prevailing party" under Title VII.

## 8. DAMAGES

Plaintiff seeks the following damages: (1) back pay and benefits; (2) front pay and benefits; (3) mental anguish; (4) punitive damages; (5) attorneys' fees; (6) prejudgment and postjudgment interest and (7) costs of court.

## 9. JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Hill respectfully requests that judgment be entered in his favor, awarding him:

a. back pay and benefits;
b. front pay and benefits;
c. mental anguish damages;
d. punitive damages;
e. attorneys fees;
f. prejudgment and postjudgment interest and,
g. costs of court.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Dorian Vandenberg-Rodes*
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF